UNITED STATES of America,
Plaintiff–Appellee,

v.

George BUFORD, Defendant–
Appellant.

No. 02–6395.

United States Court of Appeals,
Sixth Circuit.

Aug. 6, 2004.

Michael E. Winck, Mary M. Aubry, Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN, for Plaintiff–Appellee.

T. Clifton Harviel, Jr., Harviel Law Office, Memphis, TN, for Defendant–Appellant.

George W. Buford, Knoxville, TN, pro se.

Before GIBBONS and COOK, Circuit Judges; and OLIVER, District Judge.*

OLIVER, District Judge.

Defendant–Appellant George Buford, a/k/a Ya–Insaan Hetep, a/k/a Sandman ("Hetep") robbed six convenience stores and fast food restaurants in the Knoxville, Tennessee area in June 1998. On February 20, 2002, Hetep was charged in a thirteen-count superceding indictment with six counts of armed robbery in violation of the Hobbs Act, 18 U.S.C. § 1951; six counts of using, carrying and brandishing a firearm in relation to the robberies in violation of 18 U.S.C. § 924(c); and one count of being an armed career criminal in possession of a firearm in violation of 18 U.S.C. § 922(g).

Following a two-day trial, the jury returned a guilty verdict on all six Hobbs Act charges, four of the six § 924(c) offenses, and on the § 922(g) offense. Hetep was sentenced to 1,194 months imprisonment, five years supervised release, and $360 in restitution.

On appeal, Hetep contends that the district court erred by allowing a witness to testify about a threat Hetep made to witnesses at a state court proceeding regarding the robberies, and that it erred by allowing a court security officer to accompany the witness to the defense table to identify him. He maintains that the cumulative effect of these evidentiary errors denied him a fair trial. For the reasons discussed herein, we affirm the judgment of conviction.

## I. FACTS AND PROCEDURAL HISTORY

At trial, the government called Janie Hawkins ("Hawkins"), store manager of the Merita Thrift Store, one of the businesses that Hetep robbed. During direct examination, Hawkins stated that she appeared at a state court hearing concerning the robberies, and that Hetep was present at the proceeding. When the government inquired as to whether Hetep said anything to Hawkins at the hearing, Hetep objected pursuant to Fed.R.Crim.P. 16, arguing that the information had not been disclosed by the government during discovery. The district court determined, after discussion with counsel regarding the nature and circumstances of the statement, that it was not prohibited by Rule 16. Hawkins then testified that Hetep told the witnesses at the state court proceeding not to testify against him, or he would hunt them down and kill them.

During her direct examination, Hawkins also identified Hetep as the individual that robbed the Merita Thrift Store. On cross-examination, Hetep challenged Hawkins's credibility by raising questions regarding her identification of him. On redirect ex-

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

amination, the government asked Hawkins whether approaching Hetep would assist her in confirming that he was the individual who robbed the store. Hawkins stated that it would assist her, but stated "I don't know if I want to get that close." The government then requested that Hawkins be allowed to be escorted by a court security officer to the middle of the courtroom floor to view the Defendant, to which Hetep objected. After receiving confirmation from defense counsel that Defendant was contesting the identification of the witness, the court overruled the objection and allowed the witness to approach the Defendant. The court did not address the issue of whether the security officer should escort the witness and did not appear to understand at that point that this was the objection being raised by the Defendant. After the court overruled Defendant's objection, defense counsel noted that he would like to put his reasons for the objection on the record at a later point. Hawkins then stepped down from the witness stand, walked to the center well of the courtroom, and stated that she was certain that Hetep was the person who robbed the Merita Thrift Store. Later that afternoon, defense counsel elaborated on his earlier objection, stating that although he did not object to Hawkins approaching Hetep, he did object to her being accompanied by the courtroom security officer "because that puts a light on my client that he's a dangerous person...."

## II. ANALYSIS

Ordinarily, a district court's evidentiary determinations are reviewed under an abuse of discretion standard. *United States v. Lee*, 359 F.3d 412, 418 (6th Cir. 2004). However, Fed.R.Evid. 103 requires a party opposing the admission of evidence to make a timely objection "stating the specific ground of objection, if the specific ground was not apparent from the con-

text." Rule 103(a)(1). Where a party fails to preserve an objection, the court reviews for plain error. Rule 103(d). *See United States v. Evans*, 883 F.2d 496, 499 (6th Cir.1989) (concluding that the plain error rule applies when a "party objects to [an evidentiary determination] on specific grounds in the trial court, but on appeal the party asserts new grounds challenging [that decision]"); *United States v. Gomez–Norena*, 908 F.2d 497, 500 (9th Cir.1990) ("a party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making the *wrong* objection.") (emphasis in original); *United States v. Schrock*, 855 F.2d 327, 332–33 n. 8 (6th Cir.1988).

At trial, Hetep objected to the admission of the threats based on Rule 16, arguing that the government failed to produce his statement containing the threats during discovery. He did not raise the argument that he now raises in this appeal, namely that admitting the threats into evidence violated Rules 403 and 404(b). Thus, this court may only review for plain error. "To establish plain error, a defendant must show that: (1) an error occurred in the district court; (2) the error was obvious or clear; (3) the error affected defendant's substantial rights; and (4) this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Emuegbunam*, 268 F.3d 377, 406 (6th Cir.2001).

With respect to the second issue, Hetep objected at trial to the court security officer escorting Hawkins to the defense table to identify him. Because this objection was raised below, it must be reviewed for abuse of discretion. "A district court is considered to have abused its discretion when this court is left with the definite and firm conviction that the district court committed a clear error of judgment in the

conclusion it reached upon a weighing of the relevant factors." *United States v. Copeland,* 321 F.3d 582, 595 (6th Cir.2003).

### A. Admission of Threats

■ Hetep argues that the trial court's admission of his threats against Hawkins into evidence violated Rule 404(b). He also argues that under Rule 403, the probative value of this evidence was substantially outweighed by the risk of unfair prejudice.

This court considered a similar argument in *United States v. Mendez-Ortiz,* 810 F.2d 76 (6th Cir.1986). In that case, the defendant argued that under Rule 404(b), the trial court should have excluded a witness's testimony that the defendant threatened and attempted to bribe the witness. *Id.* at 78. After first finding that the plain error standard of review applied because the defendant had not raised a Rule 404(b) objection at trial, the court noted that Rule 404(b) precludes the use of evidence offered to raise an inference as to the defendant's character. However, the court concluded, relying on a series of cases from other circuits, that "spoliation evidence, including evidence that defendant attempted to bribe and threatened a witness, is admissible to show consciousness of guilt." *Id.* at 79. Finally, the court considered whether admitting the defendant's threats and bribes would violate Rule 403, and concluded that the witness's testimony "although highly probative of defendant's guilt, was not inflammatory and presented little danger of unfair prejudice." *Id.* Thus, the district court did not commit plain error by allowing the witness to testify about the threats and bribes.

■ Based on the holding in *Mendez-Ortiz,* evidence of Hetep's threats at trial was admissible to show consciousness of guilt. Such evidence does not raise an improper character inference because threats tend to show consciousness of guilt "without any inference as to the character of the spoliator." *Id.* Thus, the district court did not violate Rule 404(b) by allowing Hawkins to testify about the threats. Additionally, the probative value of Hawkins's testimony was not outweighed by the danger of unfair prejudice. As in *Mendez-Ortiz,* Hawkins's testimony concerning Hetep's threats was highly probative of Hetep's guilt and undoubtedly resulted in some prejudice. However, "prejudice solely arising from the inculpatory nature of evidence is not *unfair.*" *United States v. Tabaja,* 91 Fed.Appx. 405, 411 (6th Cir.2004) (emphasis in original). Here, Hetep does not articulate how he was unfairly prejudiced by the admission of the statements, and there is nothing to suggest that the statements resulted in unfair prejudice. Consequently, the district court's admission of the threats did not violate Rule 403.

This court concludes that no error was committed. Evidence of Hetep's threats was properly admitted under Rule 404(b), and the danger of their unfair prejudice did not outweigh their probative value under Rule 403.

### B. Court Security Officer Escort

■ Hetep also argues that the district court abused its discretion when it allowed a court security officer to accompany Hawkins as she stepped down from the witness stand to approach the defense table to make an identification. He contends that the escort may have caused the jury to improperly infer that Hetep was dangerous.

The Supreme Court has recognized that certain security measures employed during a trial may be so "inherently prejudicial" that they deprive a defendant of the right to an impartial jury. *Holbrook v.*

*Flynn,* 475 U.S. 560, 570, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986). For example, the use of shackles and prison clothes has been held inherently prejudicial because they are "unmistakable indications of the need to separate a defendant from the community at large." *Holbrook,* 475 U.S. at 568–69. Nevertheless, not all security measures singling out the accused as potentially dangerous are unconstitutionally prejudicial, and "a trial court's security decisions must be accorded broad discretion and may be reversed only for abuse." *United States v. Darden,* 70 F.3d 1507, 1533 (8th Cir.1995).

In *United States v. Tocco,* 200 F.3d 401 (6th Cir.2000), the defendant maintained that the trial court should have granted a mistrial when FBI agents escorted a government witness into the courtroom and on to the witness chair, arguing that these security measures gave the jury the impression that the witness had reason to fear the defendant. On appeal, this court concluded that the trial court did not commit error, based primarily on the corrective steps the trial court took after the defendant objected to the use of an escort. Specifically, this court noted that although "witness endangerment could have possibly been inferred, the district court resolved the issue by disallowing such escorts for the other witnesses." *Id.* at 424. The court also noted that the escorting agent was in plain clothes, did not carry a weapon, and that there were no prosecutorial comments relating to the witness's need for protection. *Id.*

The government maintains that the facts of the present case closely mirror the circumstances in *Tocco.* It argues that the court security officer did not carry a weapon, that he was not a member of law enforcement and that no other witnesses were escorted during the trial. The government also contends that any prejudice that may have resulted from the escort was ameliorated by the fact that later in the trial. Hetep was permitted to sit next to the jury box for several minutes to watch a video that was played for the jury. Additionally, shortly before the end of the trial, the district court granted Hetep's request to stand in front of the jury box so that the jury could view him for identification purposes. In response, Hetep contends that the court security officer who escorted Hawkins was wearing a uniform with a courtroom security officer badge, and that a reasonable juror could have concluded that the officer was law enforcement.

The district court did not err in allowing the court security officer to escort Hawkins to the center well of the courtroom. In ruling on Hetep's objection to the escort, the district court stated that any improper inference the jury may have made as a result of the escort was alleviated by subsequent events during the trial. Specifically, the court found that:

> ... the person who accompanied the witness to the well of the courtroom is a court security officer. The court security officer is not a deputy marshal nor is he a member of any law enforcement agency.
>
> And subsequent to that occurrence, when a videotape was played, the defendant left his seat and went to seats right adjacent to the jury box. And I think that the jury could take it from that that there was no need for them to fear the defendant. So I did not think that the prospect of the jury being unduly influenced by the witness being accompanied by someone who was not law enforcement or a deputy marshal would influence the jury. And I think that to the extent that there may have been the possibility, that it was ameliorated by the defendant being able, on his own, to

leave the defense table, approach the jury box, and sit right next to the jury box for the length of the videotape, which I would say was at least three minutes, perhaps as long as five minutes.

Additionally, at the close of trial, Hetep was given permission to stand before the jury in the jury box for identification purposes. Therefore, as in *Tocco*, any improper inference that may have been created by Hawkins' escort was alleviated by these subsequent events.

We conclude that the district court did not abuse its discretion in allowing Hawkins to be escorted by a court security officer because these measures were not so "inherently prejudicial" that they deprived Hetep of the right to an impartial jury.

### C. *Cumulative Error*

As a final matter, Hetep argues that the cumulative effect of the district court's evidentiary errors resulted in the denial of a fair trial. This court has held that a "cumulative-error analysis should evaluate only the effect of matter[s] determined to be in error, not the cumulative effect of non-errors." *McKinnon v. Ohio*, No. 94–4256, 1995 WL 570918, at *12 (6th Cir. Sept. 27, 1995) (unpublished opinion) (quoting *United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir.1990)); *see also Campbell v. United States*, 364 F.3d 727, 736 (6th Cir.2004). Since we have determined that the district court did not err in its evidentiary rulings, there can be no cumulative error.

### III. CONCLUSION

For these reasons, the judgment of the district court is affirmed.